OPINION OF THE COURT
George G. Bernhard, J.
This is an application for judicial settlement of a final accounting of the administratrix as amended by the administratrix’ affidavit dated July 19, 1994 reflecting a change in the sales price of real estate of the deceased downward from $75,000 to $50,000.
The sole remaining objectant is the funeral director, Bernard W. Healy, of James L. Singleton, Inc. who insists that he is not only entitled to payment of the bill in the sum of $2,735, but also to "a penalty of 16% per annum for unantici *236 pated late payment * * * effective March 18, 1988” (emphasis added).
Burying the dead has, for millennia, been recognized as a corporal work of mercy so recognized by the State Legislature that several provisions have been enacted to protect the payment of funeral expenses (SCPA 1811, 2213) even to the extent of making them superior to exemptions for the benefit of the surviving family (EPTL 5-3.1).
Nevertheless, this court does not agree that such a preferred creditor may also exact penalties against decedent estates brought under its protection. The primary basis for this position is that the exaction of penalties is against public policy so that they are unenforceable. (See, Truck Rent-A-Ctr. v Puriton Farms 2d, 41 NY2d 420, 424.)
In addition, the court is well familiar with the difficulties caused to this administratrix by the crash in value of unimproved parcels, such as the realty in the Town of Wappinger, which formed the major asset of this estate.
Accordingly, it is ruled that the delay in payment was "anticipated” not "unanticipated” so that the penalty clause does not apply even if perchance it were enforceable.
Ordinarily, interest at the legal rate of 9% would be applicable but that has been deleted from this agreement apparently in anticipation of greater but unenforceable gain.
Therefore, the administratrix is directed to pay to James L. Singleton, Inc. the sum of $2,735 in full satisfaction of outstanding funeral charges. Upon making that payment and the completion of any other payments as prescribed in the submitted accounting, the administratrix be and the same is hereby discharged and her letters made full and complete.